IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARIMMINE CALDWELL on behalf of the Estate of PAMELA R. BOLDEN, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OKLAHOMA CITY ex rel. OKLAHOMA POLICE DEPARTMENT, OKC METRO ALLIANCE, INC., and PUBLIC INEBRIATE ALTERNATIVE,<br><br>Defendant. | Case Number CIV-16-479-C |

## MEMORANDUM OPINION AND ORDER

Plaintiff, as the representative of the Estate of Pamela R. Bolden, brings this cause of action under 42 U.S.C. § 1983. On January 15, 2011, Ms. Bolden was sitting on the front porch of a private residence when a drive-by shooting occurred. Police arrived on the scene at approximately 3:55 a.m. to find bullet holes in the home, and when asked if she was harmed, Ms. Bolden was unresponsive. A police officer transported Ms. Bolden to the Public Inebriate Alternative, operated by Defendant OKC Metro Alliance, Inc. Once at the Public Inebriate Alternative, Ms. Bolden became ill and vomited. Ms. Bolden remained in a room at the Public Inebriate Alternative until approximately 9:45 a.m. when employees of OKC Metro Alliance discovered Ms. Bolden had been shot and she was transported to OU Medical Center for treatment.

Ms. Bolden filed a Petition relating to these events in the District Court of Oklahoma County on October 31, 2011, naming the City of Oklahoma City and OKC Metro Alliance,

Inc., among others, as defendants. Defendant City of Oklahoma City removed the case to the Western District of Oklahoma almost two months later, where the case was dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Ms. Bolden then re-filed the case in the District Court of Oklahoma County on February 15, 2013, alleging claims of deprivation of rights, excessive force, failure to train, supervise, and control, and negligence. On May 6, 2014, Ms. Bolden died and the pending case was later dismissed pursuant to 12 Okla. Stat. § 2025 for failure to substitute an appropriate party. In the current case, Plaintiff sues under three causes of action: deprivation of rights in violation of 42 U.S.C. § 1983, cruel and unusual punishment under 42 U.S.C. § 1983, and negligence. Defendants OKC Metro Alliance, Inc. ("Metro Alliance"), and the City of Oklahoma City ("City") now bring motions to dismiss arguing that the claim is precluded by res judicata, is barred by the statute of limitations, and Plaintiff has failed to state a claim.

## STANDARD OF REVIEW

Res judicata, or claim preclusion, will prevent the assertion of a claim that may otherwise have been brought. Four elements are required:

1. entry of a final judgment in the earlier proceedings,
2. identity or privity of the parties in the two suits,
3. identity of the cause of action in both suits, and
4. a full and fair opportunity to litigate the claim in the earlier proceedings.[1]

---

[1] Some courts require only three elements, allowing an exception to res judicata when the claimant was unable to meet the fourth element. The final element simply requires that the prior court was of competent jurisdiction and there was no "'reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'" Johnson v. Dep't of Veterans Affairs, 611 F. App'x 496, 499 (10th Cir. 2015) (citation omitted); see also Yapp v. Excel Corp., 186 F.3d 1222, 1226 n.4 (10th Cir. 1999).

Johnson v. Dep't of Veterans Affairs, 611 F. App'x 496, 497 (10th Cir. 2015) (citing In re Mersmann, 505 F.3d 1033, 1049 (10th Cir. 2007), abrogated on other grounds by United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010)); Plotner v. AT & T Corp., 224 F.3d 1161, 1168 (10th Cir. 2000). Furthermore, Congress has specifically required all "federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982).

It has been determined that the statute of limitations for § 1983 claims is derived from the applicable state law for private tort actions. Gilyard v. Gibson, 612 F. App'x 486, 487 (10th Cir. 2015); Robbin v. City of Santa Fe, 583 F. App'x 858, 863 (10th Cir. 2014). Oklahoma law establishes a two-year statute of limitations period for tort actions. 12 Okla. Stat. § 95. According to federal law, the statute of limitations in a § 1983 action begins to run at the time "'facts that would support a cause of action are or should be apparent.'" Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995) (quoting Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 645 (5th Cir. 1988)); Baker v. Bd. of Regents, 991 F.2d 628, 632 (10th Cir. 1993). In other words, time accrues from the moment Plaintiff "knows or has reason to know of the injury which is the basis of the action." Baker, 991 F.2d at 632.

## **ANALYSIS**

Defendants Metro Alliance and City assert similar arguments in their Motions to Dismiss. Both Motions will be addressed herein.

**I.**

In this case there are two previous filings of the claims, both in Oklahoma state court. Pursuant to Fed. R. Evid. 201, the Court takes notice of the previous state court filings. Plaintiff argues the case should not be precluded by res judicata because the two previous dismissals were based on procedural grounds. The first element required for res judicata is that there is an "entry of a final judgment in the earlier proceedings" which is on the merits. Johnson, 611 F. App'x at 497.

This case was first dismissed without prejudice for failure to state a claim by this Court. The Court allowed Ms. Bolden 20 days in which to amend her Petition. Instead of amending, Ms. Bolden filed a similar complaint in the District Court of Oklahoma County on February 15, 2013. After Ms. Bolden's death and the failure to substitute a party, the case was again dismissed on January 23, 2015. The Oklahoma Court of Civil Appeals affirmed the dismissal with prejudice on September 18, 2015.

Plaintiff representative of Ms. Bolden's estate now brings substantially the same claims to this Court. It has been established that a "dismissal with prejudice . . . constitutes a final adjudication on the merits with preclusive effect in the federal court." Ostler v. Anderson, 200 F. App'x 750, 753 (10th Cir. 2006) (citing Clark v. Haas Grp., Inc., 953 F.2d 1235, 1238 (10th Cir. 1992)). "Claims dismissed with prejudice are barred under the doctrine of *res judicata*." Stauffer v. Blair, Case No. 13-CV-03256-RM-MJW, 2015 WL 222662, at *3 (D. Colo. 2015), aff'd, 613 F. App'x 760 (10th Cir. 2015).

4

Moreover, Fed. R. Civ. P. 41(b) states that any involuntary dismissal made under 41(b) or a dismissal "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits" unless the dismissal order states otherwise. In other words, Rule 41(b) states that any involuntary dismissal will be considered an adjudication on the merits unless the dismissal was for lack of jurisdiction, improper venue, or failure to join a party under Rule 19.

The Oklahoma Court of Civil Appeals made clear that the second dismissal of the suit was pursuant to 12 Okla. Stat. § 2025, and the Oklahoma County District Court correctly dismissed with prejudice because the savings clause of 12 Okla. Stat. § 100 did not apply to the second refiling. 12 Okla. Stat. § 100 operates as a savings statute to allow refiling of a case dismissed for procedural reasons if the new action is commenced within one year. However, after the second dismissal, the case "is effectively a dismissal with prejudice since the statute allows only one refiling." Morris v. City of Oklahoma City, 2010 OK CIV APP 27, ¶ 16, 232 P.3d 921, 925 (citing Hull v. Rich, 1993 OK 81, 854 P.2d 903, 904); see also Sisk v. J.B. Hunt Transp., Inc., 2003 OK 69, 81 P.3d 55, 5; Pointer v. W. Heights Indep. Sch. Dist., 1996 OK 74, 919 P.2d 5, 6.

Plaintiff argues that Gottsch v. Ireland, 1961 OK 4, 358 P.2d 1097, supports the assertion that the previous dismissals should not preclude this claim. However, the dismissal in Gottsch was for lack of personal jurisdiction, an exception expressly carved out in Fed. R. Civ. P. 41(b). See Gottsch, 1961 OK 4, 368 P.2d at 1100-01.

The U.S. Supreme Court reasoned that Rule 41(b)'s default provision of dismissal with prejudice would act as a bar to a claim refiled in a Maryland state court after being dismissed from a California federal district court "on the merits" for exceeding the statute of limitations. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001); see also Mitchell v. KDJM-FM, 405 F. App'x 267, 268-69 (10th Cir. 2010). Similarly, the present case was dismissed for failure to substitute parties, and is considered a judgment on the merits pursuant to Rule 41(b). Therefore, the first element of res judicata is satisfied.

The second element requires "identity or privity of the parties in the two suits" on which there is no meaningful dispute. The third element requires "identity of the cause of action in both suits." Although Plaintiff's claims vary slightly from Ms. Bolden's claims, they are still § 1983 claims rooted in the same events. In Plaintiff's Responses to each of the Defendant's Motions to Dismiss, Plaintiff argues this case addresses wrongful death claims, but this was not pleaded in the Complaint. Courts have found that actions "'related in time, space, origin, or motivation'" form one identity for res judicata purposes. Clark, 953 F.2d at 1239-40 (citation omitted). The U.S. Supreme Court has stated that "[r]es judicata has recently been taken to bar claims arising from the same transaction even if brought under different statutes." Kremer, 456 U.S. at 481, n.22. Therefore, because both this suit and the previously dismissed suit are "based on substantially the same operative facts" the third

element and thus res judicata is satisfied.[2] Keene Corp. v. United States, 508 U.S. 200, 201 (1993); United States v. Tohono O'Odham Nation, 563 U.S. 307, 307 (2011).

**II.**

Even if res judicata did not require dismissal, the case is barred by the statute of limitations. Plaintiff argues there was no notice of the claims until the time of Ms. Bolden's death and the statute of limitations should be tolled until this transpired, but Plaintiff has pleaded damages for the injuries that stemmed from the same incident complained of in the 2011 Petition. The Court finds that Ms. Bolden, and thus Plaintiff, must have had notice of the events giving rise to the stated claims at the time Ms. Bolden filed with the District Court of Oklahoma County on October 31, 2011.

Ms. Bolden's original Petition states she "suffered personal injuries causing her to seek medical treatment" and the "Defendants['] actions caused Plaintiff to be subjected to a deprivation of rights . . . in violation of 42 [U.S.C.] § 1983"[3] and "[t]hat Defendants' actions were negligent." (Ms. Bolden's 2011 Petition, Dkt. No. 7-1, pp. 3, 5). This demonstrates that Ms. Bolden, and therefore Plaintiff, was aware of "'facts that would support a cause of action'" that starts the two-year statute of limitations for both a § 1983 claim and negligence claim. Fratus, 49 F.3d at 675 (citation omitted); Baker, 991 F.2d at

---

[2] As noted above, the final element has no bearing on this case because there is no question that the previous court had competent jurisdiction. See FN 1.

[3] The Petition cites to "42 O.S. § 1983," but no such statute exists. Because the Complaint filed with this Court cited to 42 U.S.C. § 1983 (Complaint, Dkt. No. 1, p. 5), the Court assumes Ms. Bolden intended to make a § 1983 claim in the Petition as well.

7

632. Because the cause of action arose nearly four years ago and the present case was filed on May 6, 2016, the time in which to bring this case has expired.

Plaintiff also argues that 12 Okla. Stat. § 1053 allows Plaintiff to bring this case on behalf of Ms. Bolden because it was brought within two years of Ms. Bolden's death. 12 Okla. Stat. § 1053 states "[w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter" within two years.[4] However, a wrongful death claim[5] is derived from the decedent's right to bring an action. The Supreme Court of Oklahoma explains:

> In suits such as these, the cause of action is the wrongful act, neglect, or default causing death, and not merely the death itself. One condition upon which statutory liability depends is that the deceased had a right of recovery for the injury at the time of his death. There is no right in the personal representative to maintain an action unless the decedent had the right to sue at the time of his death. There being but one cause of action, there can be but one recovery.

Haws v. Luethje, 1972 OK 146, ¶ 14, 503 P.2d 871, 874-75; Nealis v. Baird, 1999 OK 98, ¶ 38, 996 P.2d 438, 453. At the time of her death, Ms. Bolden's claims against Defendants had already been extinguished by both the running of the two-year statute of limitations and the dismissal with prejudice. Contrary to Plaintiff's argument, there is no new two-year time

---

[4] 12 Okla. Stat. § 1054 allows the decedent's spouse or next of kin to bring a wrongful death claim under 12 Okla. Stat. § 1053.

[5] Wrongful death was not properly pleaded in the Complaint and should not be considered, but the Court will liberally construe the Complaint to include such claims for the limited purpose of addressing Plaintiff's arguments.

limit that begins at the time of the injured person's death. Therefore, Plaintiff may not maintain the present action.

### III.

In light of the disposition of the case, the Court need not address the standard for a Rule 12(b)(6) failure to state a claim. Defendant Metro Alliance's and Defendant City's Motions to Dismiss are granted. Defendants' requests for costs and attorneys' fees are denied. Because no amendment could cure the defects noted herein, this dismissal acts as an adjudication on the merits. Accordingly, Plaintiff's Complaint is dismissed with prejudice.

### **CONCLUSION**

For the reasons set forth herein, Defendant OKC Metro Alliance, Inc.'s Motion to Dismiss (Dkt. No. 7) and Defendant City of Oklahoma City's Motion to Dismiss (Dkt. No. 12) are GRANTED in part and DENIED in part. All claims for relief are dismissed with prejudice.

IT IS SO ORDERED this 15th day of September, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge